[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: Plaintiff's Motion For Contempt dated April 11, 2001 (#128) Defendant's Motion For Modification dated April 30, 2001 (#129)
The plaintiff seeks to have the defendant held in contempt for her failure to comply with the orders contained in their judgment of dissolution of marriage entered by the court (Bishop, J.) on July 22, 1998. The defendant seeks to modify the current child support being paid to her by the plaintiff based upon her claim of a substantial change in the financial circumstances of the plaintiff.
The court heard the motions on June 12, 2001 when the parties appeared through counsel and offered testimony and introduced documentary evidence. The court, after reviewing the testimony and the exhibits makes the following findings of fact.
As to the claims made by the plaintiff in his motion it would appear that this matter is a case of first impression in the State of Connecticut.
The relevant portions of the judgment which pertain to the plaintiffs claim are as follows:
 "All of the plaintiffs right, title, and interest in and to the family residence located at 37 Highview Terrace, Enfield, is hereby conveyed, by operation of C.G.S. § 46b-81 (a), to the defendant subject to existing liens and mortgages. The defendant shall pay the mortgage and hold the plaintiff harmless therefrom. While the court is not unsympathetic to the plaintiffs desire that he become eligible again for a Veteran's Administration-guaranteed home mortgage, the court will not place an undue burden on the defendant in order to accomplish this purpose. Accordingly, the CT Page 11611 defendant shall make a good faith effort to obtain refinancing of the present mortgage in an effort to re-qualify the plaintiff for this Veteran's benefit. This shall be a continuing obligation of the defendant during her ownership of the property. In the event the defendant is able to obtain financing to remortgage the property at an interest rate and term resulting in monthly payments no greater than her current obligation, she shall be obligated to undertake such refinancing. Additionally, the defendant shall be absolutely obligated to obtain a release of the existing mortgage should she remarry, within six months of such remarriage."
As to the defendant's motion the current child support order is $124 per week.
The plaintiff has remarried and lives with his present wife. The defendant lives in the former marital residence with her adult daughter, her daughter's boyfriend and their child. The daughter and her boyfriend make no meaningful contribution to the maintenance of the home or their share of the everyday living expenses. The parties six year old child also lives with the defendant. Since the date of judgment the defendant has been late in making the mortgage payments on a substantial number of occasions and has incurred late charges in many instances. Subsequent to the date of judgment the plaintiff made application for a mortgage and was unable to procure the same at current market rates due to the poor credit history of the defendant in making timely payments of the mortgage on the former marital residence. Although he suffered no monetary loss his credit rating is very poor. Further, the defendant has failed to comply with the order of the court whereby she had a continuing obligation to seek refinancing of the existing mortgage so as to enable the plaintiff to requalify for a Veterans Administration loan at favorable interest rates.
The principal issue to be resolved by the court is whether the actions of the defendant give rise to a willful contempt of the order of the court as to the hold harmless provision. A search of Connecticut case law did not reveal any cases on point. Black's Law Dictionary (7th Ed. 1997) defines the term "hold harmless" as follows: to absolve (another party) from any responsibility for damage or other liability arising from the transaction. The court finds that the plaintiff has been damaged by the defendants' failure to pay the mortgage in a timely manner. Further, she is in contempt and her contempt is willful. She is also in willful contempt of the courts' order pertaining to refinancing. CT Page 11612
Based on a review of the current financial affidavits of the parties and child support guidelines worksheets the court orders the plaintiff to pay current child support in the amount of $154 per week and 67% of all unreimbursed medical expenses for the minor child in excess of the first $100 per year. Said order is retroactive to May 2, 2001 the date of the filing of the defendant's motion. The amount due as a result of the retroactive order shall be paid by the plaintiff at the rate of $30 per week in addition to the current order.
In fashioning the following order the court considers child support to include shelter expenses for the minor child. Commencing September 1, 2001 the plaintiff shall pay to the defendant the child support as ordered by the court. If the defendant fails to make the mortgage payment due October 1, 2001 then the plaintiff shall accumulate the child support payments due for the month of October and apply said amount directly to the mortgage payment due November 1, 2001 with the defendant to pay the difference. The parties shall follow this procedure for each month thereafter.
On or before October 1, 2001 and every October 1st thereafter the defendant shall make a good faith effort to refinance the existing mortgage and shall provide the plaintiff with all written documentation in connection therewith.
Orders shall enter accordingly.
John R. Caruso, J.